IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES HOLDER,

                         Plaintiff,                         OPINION AND ORDER

    v.

                                                        16-cv-343-wmc

FRASER SHIPYARDS, INC., NORTHERN ENGINEERING COMPANY, LLC and THE INTERLAKE STEAMSHIP COMPANY,

                        Defendants.

---

In this lawsuit, plaintiff James Holder claims that defendants, including Northern Engineering Company, LLC, are liable for injuries he sustained as a result of exposure to hazardous conditions while working on a "bulk carrier ship." Plaintiff invokes this court's diversity jurisdiction under 28 U.S.C. § 1332, but because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiff must file an amended complaint containing the necessary allegations.

OPINION

"Federal courts are of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to

determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount of controversy exceeds $75,000 and (2) the parties are completely diverse. (Complaint (dkt. #1) ¶¶ 2-6.) For the latter to be true, however, no plaintiff can be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Plaintiff's allegations with respect to defendant Northern Engineering Company, LLC prevent this court from determining whether complete diversity exists.

With respect to that defendant, plaintiff only alleges that "Northern Engineering Company, LLC is incorporated in Wisconsin, with its principal place of business in Wisconsin, making it a citizen of Wisconsin pursuant to 28 U.S.C. 1332(c)(1)." (Complaint (dkt. #1) ¶ 4.) As the Seventh Circuit instructs, however, that information is irrelevant in determining the citizenship of a limited liability company. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Instead, "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

Plaintiff's failure to make *any* allegations regarding the name or citizenship of any member of Northern Engineering Company, LLC is fatal to his attempt to invoke this court's diversity jurisdiction. Before dismissing this action for lack of subject matter jurisdiction, however, plaintiff will be given leave to file within fourteen days an amended

complaint which establishes subject matter jurisdiction by alleging the name and citizenship of each member of defendant Northern Engineering Company, LLC.[1]

ORDER

IT IS ORDERED that:

1) plaintiff shall have until July 5, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 20th day of June, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Plaintiff should also keep in mind that if any members of Northern Engineering Company, LLC are themselves a limited liability company, partnership or other similar entity, then the individual citizenship of each of those members and partners must also be alleged because "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).